# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JEROME PRIESTER,                    )
                                    )
    Petitioner,                )
                                    )
v.                                  )    Case No. CV415-286
                                    )
WARDEN WALTER BERRY,                )
                                    )
    Respondent.                )

## REPORT AND RECOMMENDATION

"A [Chatham County, Georgia] jury convicted Jerome L. Priester of murder in connection with the shooting death of his wife, Rosa Lee Smith. The trial court sentenced Priester to life. . . ." *Priester v. State*, 267 Ga. 264, 264 (1996). He challenges that conviction here through 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing Section 2254 Cases, his petition should be dismissed as second or successive.[1]

The Georgia Supreme Court affirmed Priester's convictions on November 4, 1996. *Id.* He sought state habeas relief, which was denied on January 25, 2000. *See Priester v. Terry*, No. CV403-250, doc. 12 at 2 (S.D. Ga. Mar. 24, 2004). He then filed his first § 2254 petition on

---

[1] Priester also moves for leave to proceed *in forma pauperis*. Finding him indigent, the Court **GRANTS** that motion. Doc. 2.

November 24, 2003, which this Court denied as untimely on April 15, 2004. *See id.*, doc. 13. Now, over eleven years later, he's back a second time.

That dooms his claims. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996) (emphasis in original)), *adopted by*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

Because (1) this is Priester's second § 2254 petition, and (2) he never sought permission from the court of appeals to file it, "this Court is not at liberty to consider it." *Id.* Accordingly, it should be **DISMISSED**

as successive. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009),[2] the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 2nd day of November, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant."